IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS--EASTERN DIVISION

| | |
|---|---|
| ARBITRON, INC. ) | |
| ) | |
| Plaintiff, ) | No. 07C-7007 |
| -vs- ) | |
| ) | |
| MARATHON MEDIA, LLC d/b/a KRKI-FM ) | |
| and LAKESHORE MEDIA, LLC d/b/a, ) | |
| KRKI-FM/KXDC-FM as successor in interest to ) | Judge Conlon |
| Marathon Media, LLC ) | Magistrate Judge Cox |
| Defendant(s). ) | |

## MOTION OF JUDGMENT CREDITOR SEEKING PROHIBITION ON JUDGMENT DEBTOR IN CITATION PROCEEDINGS TO DISCOVER ASSETS

1. This matter is before this Court and the prior Court pursuant to 28 U.S.C. §1332 (diversity of citizenship; amount in controversy).

2. Judgment was entered in the United States District Court for the Southern District of New York on August 20, 2007, and certified by the Clerk of said Court as final.

3. The judgment so entered was registered in this Court pursuant to 28 U.S.C. §1963 for enforcement as to all of the captioned Defendants, Marathon Media, LLC and Lake Shore Media, LLC. See Exhibit "A".

4. No part of the judgment has been satisfied.

5. A Citation to Discover Assets was issued pursuant to Rule 69 of the Federal Rules of Civil Procedure which provides relevant in part:

> "in aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the State in which the District Court is held."

The Citation to Discover Assets is a State remedy and defined by §2-1402 of the Illinois Code of Civil Procedure and Rule 277 of the Supreme Court Rules of Illinois. 5/2-1402.

6. Section 5/2-1402 further provides in relevant part:

> "that the Citation against a corporate judgment debtor shall designate an officer to respond to the Citation."

7. The Citation was issued by the judgment creditor against the judgment debtor, Marathon Media, LLC, and served upon both its Registered Agent, C T Corporation System, and a responsible employee of the judgment debtor on December 21, 2007. That Citation calls for the designated officer, Christopher Devine, to give his Citation examination on January 10, 2008. See Exhibit "B".

8. The judgment debtor, Lake Shore Media, LLC, occupies high-end offices at 980 N. Michigan Ave. in Chicago, Illinois and it is the belief of the judgment creditor that the judgment debtor continues to operate its business, disburse funds to current creditors, and others in derogation of the rights of the judgment creditor.

9. Section 5/2-1402 provides in relevant part:

> (f)(1) "the Citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment ... until further order of the Court or the termination of the proceeding whichever occurs first."

10. Section 5/2-1402 further provides in part:

> (e)(f)(2) "the Court may enjoin any person whether or not a party to the supplementary proceedings from making or allowing any transfer or other disposition of, or interference with, the property of the judgment debtor...."

11. The Citation to Discover Assets issued by the judgment creditor is in a form designated by the Supreme Court of the State of Illinois and conformed to the requirements of the United States District Court. It contains a prohibition against transfer of property of the judgment debtor.

WHEREFORE your movant prays for an order granting the following relief:

(a) designating Christopher Devine as the individual to comply with the prohibition of the Citation to Discover Assets and all orders of this Court, including but not limited to, discovery of assets;

(b) an order barring the judgment debtor, its Chief Executive Officer, Christopher Devine, and all other officers from transferring any property of the debtor, without limitation, whether personal or real, a chosen action or cash, to any third-party or permitting any encumbrance upon the property of the judgment debtor whether in the ordinary course of business or otherwise;

(c) said prohibition to remain in effect until the judgment is satisfied, the Court provides otherwise, or the judgment creditor executes a written waiver; and,

(d) for such other relief as to this Court may seem just and appropriate.

                                          **ARBITRON, INC.**
                                          Plaintiff herein,

                                By: _____
                                          Harold Stotland
                                          Edward S. Margolis
                                          Its attorneys

TELLER, LEVIT & SILVERTRUST, P.C.
Attorneys for Plaintiff
11 East Adams Street--#800
Chicago, Illinois 60603
(312) 922-3030 – Attorney ID# 02748703