1/4/08 141816 HS/kc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS--EASTERN DIVISION

| | |
|---|---|
| ARBITRON, INC. ) | |
| ) | |
| Plaintiff, ) | No. 07C-7007 |
| -vs- ) | |
| ) | |
| MARATHON MEDIA, LLC d/b/a KRKI-FM ) | |
| and LAKESHORE MEDIA, LLC d/b/a, ) | Judge Conlon |
| KRKI-FM/KXDC-FM as successor in interest to ) | Magistrate Judge Cox |
| Marathon Media, LLC ) | |
| Defendant(s). ) | |

PLAINTIFF'S EXHIBIT A

## MOTION OF JUDGMENT CREDITOR SEEKING PROHIBITION ON JUDGMENT DEBTOR IN CITATION PROCEEDINGS TO DISCOVER ASSETS

1. This matter is before this Court and the prior Court pursuant to 28 U.S.C. §1332 (diversity of citizenship; amount in controversy).

2. Judgment was entered in the United States District Court for the Southern District of New York on August 20, 2007, and certified by the Clerk of said Court as final.

3. The judgment so entered was registered in this Court pursuant to 28 U.S.C. §1963 for enforcement as to all of the captioned Defendants, Marathon Media, LLC and Lake Shore Media, LLC. See Exhibit "A".

4. No part of the judgment has been satisfied.

5. A Citation to Discover Assets was issued pursuant to Rule 69 of the Federal Rules of Civil Procedure which provides relevant in part:

> "in aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the State in which the District Court is held."

The Citation to Discover Assets is a State remedy and defined by §2-1402 of the Illinois Code of Civil Procedure and Rule 277 of the Supreme Court Rules of Illinois. 5/2-1402.

6. Section 5/2-1402 further provides in relevant part:

> "that the Citation against a corporate judgment debtor shall designate an officer to respond to the Citation."

7.　　The Citation was issued by the judgment creditor against the judgment debtor, Marathon Media, LLC, and served upon both its Registered Agent, C T Corporation System, and a responsible employee of the judgment debtor on December 21, 2007. That Citation calls for the designated officer, Christopher Devine, to give his Citation examination on January 10, 2008. See Exhibit "B".

8.　　The judgment debtor, Lake Shore Media, LLC, occupies high-end offices at 980 N. Michigan Ave. in Chicago, Illinois and it is the belief of the judgment creditor that the judgment debtor continues to operate its business, disburse funds to current creditors, and others in derogation of the rights of the judgment creditor.

9.　　Section 5/2-1402 provides in relevant part:

> (f)(1) "the Citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment ... until further order of the Court or the termination of the proceeding whichever occurs first."

10.　　Section 5/2-1402 further provides in part:

> (e)(f)(2) "the Court may enjoin any person whether or not a party to the supplementary proceedings from making or allowing any transfer or other disposition of, or interference with, the property of the judgment debtor...."

11.　　The Citation to Discover Assets issued by the judgment creditor is in a form designated by the Supreme Court of the State of Illinois and conformed to the requirements of the United States District Court. It contains a prohibition against transfer of property of the judgment debtor.

WHEREFORE your movant prays for an order granting the following relief:

(a)　　designating Christopher Devine as the individual to comply with the prohibition of the Citation to Discover Assets and all orders of this Court, including but not limited to, discovery of assets;

(b) an order barring the judgment debtor, its Chief Executive Officer, Christopher Devine, and all other officers from transferring any property of the debtor, without limitation, whether personal or real, a chosen action or cash, to any third-party or permitting any encumbrance upon the property of the judgment debtor whether in the ordinary course of business or otherwise;

(c) said prohibition to remain in effect until the judgment is satisfied, the Court provides otherwise, or the judgment creditor executes a written waiver; and,

(d) for such other relief as to this Court may seem just and appropriate.

ARBITRON, INC.
Plaintiff herein,

By: _____
Harold Stotland
Edward S. Margolis
Its attorneys

TELLER, LEVIT & SILVERTRUST, P.C.
Attorneys for Plaintiff
11 East Adams Street--#800
Chicago, Illinois 60603
(312) 922-3030 – Attorney ID# 02748703

PETFORJ 12/13/07
141816 HS/pls

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS--EASTERN DIVISION**

ARBITRON, INC. )
)
          Plaintiff, )  No. 07C 7007
   -vs- )
)
MARATHON MEDIA, LLC d/b/a KRKI-FM and LAKESHORE )
MEDIA, LLC d/b/a KRKI-FM/KXDC-FM, )
as successor in interest to Marathon Media, LLC )
)
          Defendant(s). )

MAGISTRATE JUDGE COX

**REGISTRATION OF FOREIGN JUDGMENT
FROM
THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
TO
THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS--EASTERN DIVISION
COVER SHEET**

Harold Stotland
Edward Margolis
TELLER, LEVIT & SILVERTRUST, P.C.
Attorneys for Plaintiff
11 East Adams Street--#800
Chicago, Illinois 60603
312-922-3030
Attorney Code:  02748703


PLAINTIFF'S EXHIBIT A

_CLERK_: Staple this Cover Sheet to the Authenticated Foreign Judgment. It is part of the Permanent File.

**MICHAEL W. DOBBINS, CLERK OF THE United States District Court**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ARBITRON INC.,

                        Plaintiff,

-and-

MARATHON MEDIA, LLC d/b/a KRKI-FM; and
LAKESHORE MEDIA, LLC d/b/a KRKI-FM/
KXDC-FM, as successor in interest to Marathon
Media, LLC,

                        Defendant.
-----------------------------------------------------------X

07  CIVIL 2099 (DC)
CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT
Judgment #07,1627

      I, J. Michael McMahon, Clerk of this United States District Court certify that the attached is a true and correct copy of the judgment entered in this action on August 21, 2007 as it appears in the records of this court, and that:

☒    No notice of appeal has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

☐    No notice of appeal has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure have been disposed of, the latest orders disposing of such a motion having been entered on _____.

☐    An appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on _____.

☐    An appeal was taken from this judgment and the appeal was dismissed by order entered on _____.

      IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on December 6, 2007.

                                            J. Michael McMahon

                                            _____

                                                      Clerk

                                            _____
                                               (By) Deputy Clerk

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 11
DATE FILED: 8/20/07

Alfred R. Fabricant (AF 8255)
Lawrence C. Drucker (LD 9423)
Peter Lambrianakos (PL 5075)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500

Attorneys for Plaintiff

RECEIVED
JUL 21 2007
JUDGE CHIN'S CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
ARBITRON INC.,

          Plaintiff,

    v.

MARATHON MEDIA, LLC d/b/a KRKI-FM;
and LAKESHORE MEDIA, LLC, d/b/a KRKI-
FM/KXDC-FM, as successor in interest to
Marathon Media, LLC

          Defendant.
------------------------------------x

Civ. Act. No.: 07-CV-2099 (DC)

ECF CASE

**DEFAULT JUDGMENT**

#07/1627

AUG 22 2007

**THIS MATTER**, having been brought before the Court by way of the motion of plaintiff, Arbitron Inc., through its counsel, Dickstein Shapiro LLP, seeking entry of a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against defendants Marathon Media, LLC, d/b/a KRKI-FM ("Marathon") and Lakeshore Media, LLC, d/b/a KRKI-FM/KXDC-FM ("Lakeshore"); and a copy of the Summons and Complaint having been personally served on an individual authorized to accept service on behalf of both Marathon and Lakeshore at their principal place of business on March 19, 2007; and proofs of service on both defendants having been filed on March 30, 2007; and the Court having considered ~~the~~ plaintiff's submissions ~~of the parties;~~ and for good cause having been shown, it is hereby

**ORDERED** that plaintiff's motion for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure is hereby granted; and it is further

[handwritten margin note:] plaintiff having moved for a default judgment, which motion was served on defendants, and defendants having failed to [respond to the motion]

**ORDERED** that default judgment is entered against defendants Marathon and Lakeshore in the amount of $722,375.51, calculated as follows: damages of $523,417.80, contractual late fees of $180,690.83, reasonable attorneys' fees and costs of collection of $18,266.88; and it is further

**ORDERED** this judgment will bear interest at the judgment rate for the date of entry until paid; and it is further

**ORDERED** that plaintiff shall serve a copy of this judgment on defendants via regular mail by no later than seven days following receipt by plaintiff's counsel.

Dated: 8/20/07

NY, NY

_____
Hon. Denny Chin, U.S.D.J.

**ECF DOCUMENT**
I hereby attest and certify that this is a printed copy of a document that was electronically filed with the United States District Court for the Southern District of New York
Date Filed: 8/20/06
J. MICHAEL MCMAHON, CLERK
By: _____

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON 8/21/07

PCITE 12/17/07
14181 6 HS/pls

PLAINTIFF'S EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS--EASTERN DIVISION

| | |
|---|---|
| ARBITRON, INC. ) | |
| ) | |
| Plaintiff, ) | No. 07C-7007 |
| -vs- ) | |
| MARATHON MEDIA, LLC d/b/a KRKI-FM and LAKESHORE MEDIA, ) | |
| LLC d/b/a KRKI-FM/KXDC-FM, as successor in interest to ) | Judge Conlon |
| Marathon Media, LLC ) | Magistrate Judge Cox |
| ) | |
| Defendant(s). ) | |

## CITATION TO DISCOVER ASSETS

TO: Lake Shore Media, LLC
c/o C T Corporation System
208 So. LaSalle St;. Ste. 814
Chicago, IL 60614-0111
**DESIGNATED OFFICER: Christopher Devine**

**YOU ARE COMMANDED** to appear in the offices of Teller, Levit & Silvertrust, P.C., at 11 East Adams Street, Suite 800, Chicago, Illinois 60603, on JAN 1 0 2008, 20 08, at 3:00 p.m., to be examined under oath to discover Assets of income not exempt from the enforcement of the judgment.

Judgment vs. MARATHON MEDIA, LLC d/b/a KRKI-FM and LAKESHORE MEDIA, LLC d/b/a KRKI-FM/KXDC-FM, as successor in interest to Marathon Media, LLC was entered on August 20, 2007 and registered on December 13, 2007; $732,832.34, including costs, remains unsatisfied.

**YOU ARE COMMANDED** to produce at the examination:
SEE ATTACHED Demand for Documents, and all books, papers or records in your possession or control which may contain information concerning the property or income of, or indebtedness due judgment debtor.

**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which judgment debtor may be entitled or which may be acquired by or become due to judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to judgment debtor, until the further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

WARNING: **YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

### CERTIFICATION OF ATTORNEY OR NON-ATTORNEY

NOTE: I, Harold Stotland, certify to the Court, under penalties as provided by law pursuant to 735 ILCS 5/1-109, that the following information is true:
1. Judgment was entered in the amount of $722,375.51 (on August 20, 2007); and registered (on December 13, 2007)
2. Name of the Court: United States District Court, Northern District of Illinois – Eastern Division.
3. Case #07C-7007.

TELLER, LEVIT & SILVERTRUST, P.C.
Attorneys for Plaintiff
11 East Adams, Suite 800
Chicago, Illinois 60603
(312) 922-3030 –Attorney ID# 02748703

Deputy Clerk
~~WITNESS:~~ _____, 2007
MICHAEL W. DOBBINS

DEC 2 0 2007       Clerk of the Court

MICHAEL W. DOBBINS, CLERK OF THE United States District Court    ORIGINAL

(Rev. 11/18/93) CCG-5

_Jason Szczepanski_ on oath states:

I am over 21 years of age and not a party to this case. I served the Citation to Discover Assets, with enclosures, as follows:

_Lake Shore Media LLC_ by leaving a copy with him personally _Jamie_ _Dec. 21_, 20_07_, at the hour of _10:04_ _a_.m. at _208 N. LaSalle_ Street, _C.T. Corp_ _Chicago_, _Cook_ County, Illinois.

on _____ by leaving on _____, 20___, at the hour of _____ ___.m. at _____ Street, _____, _____ County, Illinois, his usual place of abode, with _____, a person of his family of the age of 13 years or upwards, informing that person of the contents of the Citation to Discover Assets, and also by mailing on _____, 20___, a copy of the Citation in a sealed envelope with postage fully prepaid, addressed to him/her at his/her usual place of abode.

on _____ by mailing a copy on _____, 20___, by prepaid certified mail addressed to him/her, return receipt requested, delivery limited to addressee only. The registry receipt signed by addressee is attached.
(attach receipt here)

_/s/ Jason Szczepanski_

SIGNED AND SWORN TO BEFORE ME
_January 8_, 20_08_
_Traci A. Ambrose_
NOTARY PUBLIC

OFFICIAL SEAL
TRACI A. AMBROSE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/27/11

**If service is made by sheriff, he may make his return by certificate rather than by affidavit.

**MICHAEL W. DOBBINS, CLERK OF THE UNITED STATES DISTRICT COURT**



## DEMAND FOR DOCUMENTS

**YOU ARE COMMANDED** to produce at the examination all books and records relating to your income and property, including but not limited to:

United States income tax returns for the past 5 years;

Leases on business premises;

Financial statements prepared by accountants;

Current Accounts Receivable records;

Title Documents relating to any real estate or interest in land trusts;

Bank account statements for the last 12 months;

Corporate Minute Book, including Corporate Charter and Corporation By-Laws

# CITATION NOTICE TO DEFENDANT

ARBITRON, INC.   (Judgment Creditor)
v. MARATHON MEDIA, LLC d/b/a KRKI-FM and LAKESHORE MEDIA, LLC d/b/a KRKI-FM/KXDC-FM, as successor in interest to Marathon Media, LLC   (Judgment Debtor)
980 N. Michigan Ave., Ste. 1880                                     No. 07C-7007
Chicago, IL 60611

JAN 1 0 2008

Respondent: Christopher Devine

**Amount of Judgment: $722,375.51**                                **Balance Due: $732,832.34**

NOTICE:   The Court has issued a Citation against the person named above. The Citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The Citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the court date shown above, the Court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois Law. THE JUDGMENT DEBTOR HAS A RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor, including money in a bank account;
(2) Social Security and SSI benefits;
(3) Public assistance benefits;
(4) Unemployment compensation benefits;
(5) Worker's compensation benefits;
(6) Veteran's benefits;
(7) Circuit breaker property tax relief benefits;
(8) The debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle
(9) The debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor;
(10) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt in judgment.
(11) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage.
(12) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.
(13) Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The Judgment Debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the Clerk in writing at the office of the Clerk of the United States District Court for the Northern District of Illinois, US County Courthouse, 219 S. Dearborn St., Chicago, IL 60603. When so notified, the Clerk of the United States District Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the judgment debtor's attorney and sent to the judgment creditor regarding the time and location of the hearing.
This Notice may be sent by regular first class mail.
**This is an attempt to collect a debt, and any information obtained will be used for that purpose.**

TELLER, LEVIT & SILVERTRUST, P.C. (Attorneys for Judgment Creditor)
11 East Adams Street--#800
Chicago, Illinois 60603
(312) 922-3030 –Attorney ID# 02748703
                    **MICHAEL W. DOBBINS, CLERK OF THE United States District Court**

(Rev. 11/18/93) CCG-5

_Phillip Culotta_ on oath states:

I am over 21 years of age and not a party to this case. I served the Citation to Discover Assets, with enclosures, as follows:

_Lake Shore Medea LLC_ by leaving a copy with him personally on _Dec 21_, 20_07_ at the hour of _11:A_ .m. at _980 N. Michigan Ave_ Street, _Chicago_, _Cook_ County, Illinois.

on _____ by leaving on _____, 20__, at the hour of _____ .m. at _____ Street, _____, _____ County, Illinois, his usual place of abode, with _____, a person of his family of the age of 13 years or upwards, informing that person of the contents of the Citation to Discover Assets, and also by mailing on _____, 20__, a copy of the Citation in a sealed envelope with postage fully prepaid, addressed to him/her at his/her usual place of abode.

on _____ by mailing a copy on _____, 20__, by prepaid certified mail addressed to him/her, return receipt requested, delivery limited to addressee only. The registry receipt signed by addressee is attached.
(attach receipt here)

_Phillip Culotta_

SIGNED AND SWORN TO BEFORE ME
_January 8_, 20_08_.
_Traci A. Ambrose_
NOTARY PUBLIC

OFFICIAL SEAL
TRACI A AMBROSE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/27/11

**If service is made by sheriff, he may make his return by certificate rather than by affidavit.

**MICHAEL W. DOBBINS, CLERK OF THE UNITED STATES DISTRICT COURT**



1/4/08 141816 HS/kc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS--EASTERN DIVISION

| | |
|---|---|
| ARBITRON, INC. ) | |
| ) | |
| Plaintiff, ) | No. 07C-7007 |
| -vs- ) | |
| ) | |
| MARATHON MEDIA, LLC d/b/a KRKI-FM ) | |
| and LAKESHORE MEDIA, LLC d/b/a, ) | Judge Conlon |
| KRKI-FM/KXDC-FM as successor in interest to ) | Magistrate Judge Cox |
| Marathon Media, LLC ) | |
| Defendant(s). ) | |

## NOTICE OF MOTION

TO: Lake Shore Media, LLC
Attn: Christopher Divine
980 N. Michigan Ave
Chicago, Illinois
**By Mail and Personal Delivery**

On January 22, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Presiding Judge Suzanne B. Conlon--Room #1743, or any judge sitting in his stead, in the courtroom usually occupied by him at the US County Courthouse, 219 S. Dearborn St., Chicago, IL 60603, and shall then and there present Motion of Judgment Creditor seeking prohibition on Judgment Debtor in Citation proceedings to Discover Assets, and request hearing thereon, instanter.

_____
Harold Stotland

## CERTIFICATE OF SERVICE

I, Harold Stotland, the attorney, certify that I served this Notice and Motion placing a copy into an envelope addressed to each of the above-listed party(ies) at their respective address(es), with proper prepaid postage attached to said envelope(s), and depositing same into the United States Mail chute at 11 East Adams Street, Chicago, Illinois, at or about 5:00 p.m. on the 8th day of January 2008.

_____
Harold Stotland

TELLER, LEVIT & SILVERTRUST, P.C.
Attorneys for Plaintiff
11 East Adams Street--#800
Chicago, Illinois 60603
(312) 922-3030
Attorney ID# 02748703