7/9/08 141816 HS/kc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS--EASTERN DIVISION

| | | |
|---|---|---|
| ARBITRON, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 07C-7007 |
| -vs- | ) | |
| | ) | |
| MARATHON MEDIA, LLC d/b/a KRKI-FM | ) | |
| and LAKESHORE MEDIA, LLC d/b/a, | ) | Judge Conlon |
| KRKI-FM/KXDC-FM as successor in interest to | ) | Magistrate Judge Cox |
| Marathon Media, LLC | ) | |
| Defendant(s). | ) | |

## MOTION SEEKING SANCTIONS AGAINST DESIGNATED OFFICER, CHRISTOPHER DEVINE, FOR VIOLATION OF CITATION PROHIBITION

NOW COMES the Judgment Creditor, Arbitron, Inc., by its attorneys Harold Stotland and Edward S. Margolis, and states as follows:

1. Judgment was entered in the United States District Court for the Southern District of New York on August 20, 2007 as certified by the Clerk of said Court.

2. Judgment was registered in this Court pursuant to 28 U.S.C. Section 1963 for enforcement as to all captioned Defendants, Marathon Media, LLC d/b/a KRKI-FM and Lakeshore Media, LLC d/b/a KRKI-FM/KXDC-FM, see Exhibit "A".

3. No part of the judgment has been satisfied.

4. A Citation to Discover Assets was issued against Lakeshore Media, LLC pursuant to Rule 69 of the Federal Rules of Civil Procedure which provides in relevant part:

> "in aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the State in which the District Court is held."

5. The Citation to Discover Assets is a State remedy defined by § 5/2-1402 of the Illinois Code of Civil Procedure and Rule 277 of the Supreme Court Rules of Illinois, 5/2-1402.

6. Section 5/2-1402 further provides in relevant part:

> "that the Citation against a corporate judgment debtor shall designate an officer to respond to the Citation."

7. The Citation was issued by the judgment creditor against the judgment debtor, Lakeshore Media, LLC, which occupies offices at 980 N. Michigan Ave., Chicago, Illinois and it is the belief of the judgment creditor that the judgment debtor continues to operate its business and disburse funds to current creditors and others in derogation of the rights of the judgment creditor.

8. Section 5/2-1402 provides in relevant part:

> (f)(1) "the Citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment ... until further order of the Court or the termination of the proceeding whichever occurs first."

9. The Citation to Discover Assets against Lakeshore Media, LLC was served upon the judgment debtor, Lakeshore Media, LLC, on December 21, 2007 and returnable January 1, 2008 at the offices of the judgment creditor.

10. A Citation examination was conducted of one of the officers of the debtor corporation on May 29, 2008 at the offices of the judgment creditor's counsel. At that time the deponent, an officer of the debtor corporation stated that subsequent to the service of the Citation to Discover Assets payments were disbursed to pay bills of the judgment debtor and those checks were signed by Christopher Devine, the principal of the company, the officer designated to be responsible for compliance with the Citation to Discover Assets.

11. Attached hereto and made apart hereof is a bank statement produced by the judgment debtor, Lakeshore Media, LLC, showing that checks were written and debits incurred during the month of April totaling $189,360.53.

12. It is the position of the judgment creditor that the issuance of 30 checks and other transfers violates the prohibition of the Citation to Discover Assets and that Christopher Devine, by making those disbursements knowingly violated the order.

13. Pending at all times with this Court was a motion seeking a specific prohibition against the judgment debtor, Lakeshore Media, LLC. That motion has not been ruled upon.

Your movant prays for entry of an order finding that Christopher Devine should show cause why he should not be found to be personally liable for all disbursements made by Lakeshore Media, LLC subsequent to his notification of the Citation to Discover Assets and why a judgment should not be entered against him for the amount remaining unsatisfied in the underlying judgment against Lakeshore Media, LLC.

                                      **ARBITRON, INC.**
                                      Plaintiff herein,

                              By: _____
                                      Harold Stotland
                                      Edward S. Margolis
                                      Its attorneys

TELLER, LEVIT & SILVERTRUST, P.C.
Attorneys for Plaintiff
11 East Adams Street--#800
Chicago, Illinois 60603
(312) 922-3030 -- Attorney ID# 02748703